PER CURIAM:
The claimant, Seretha O. Saunders, seeks an award of $500.00 from the respondents, Division of Highways and Bureau of Employment Programs, for damage to her vehicle. The damage occurred on October 5, 1995, at approximately 11:00 a.m., while the claimant was driving east on North Boulevard in Huntington, West Virginia. During the drive, the claimant was involved in an automobile accident while she proceeded through the intersection of North Boulevard and Fifth Street. According to the claimant, she stopped at a stop sign and looked in both directions before traveling through the intersection; however, she stated that her vision was obstructed by a bridge. When the claimant traveled straight across the intersection, her vehicle struck a truck which was *121 turning east onto North Boulevard from the northbound lane on Fifth Street.
Shortly after the accident, an officer from the Huntington City Police Department arrived and prepared a traffic report. Although the officer did not issue a citation to either driver, the report indicated that the claimant did not have the right-of-way to proceed through the intersection. The report also indicated that the front of the claimant’s vehicle struck the left rear side of the truck.
The claimant was employed by respondent Bureau of Employment Programs, as an Accounting Assistant II at the time of the accident. As part of her employment, the claimant was required to use her personal vehicle to travel throughout the State. On the morning of the accident, the claimant had visited a business to obtain reports for her employer, but the claimant was informed that the reports would be unavailable until after the lunch hour. The claimant decided to take her son to lunch while she waited, and the accident occurred while she was driving to meet her son.
At the hearing the claim, the accident report was marked as Claimant’s Exhibit No. 1 and admitted without objection. Ben Savilla, a claim investigator for respondent, Division of Highways, examined the accident report and the intersection sometime after the accident. Mr. Savilla determined from his investigation that visibility was limited by a bridge located south of the intersection. However, he also determined that the line of sight distance from the est side of the intersection to the bridge varied between 150 and 600 feet.
Barry Warhoftig, a traffic operations engineer for respondent, Division of Highways, testified that his responsibilities included the arrangement of stop lights and stop signs at intersections throughout the State. According to Mr. Warhoftig, he was unaware of any significant problems with the intersection of North Boulevard and Fifth Street. Mr. Warhoftig also testified that the bridge located south of the intersection was built in 1929 and the roadway was taken into the state road system in 1933.
The claimant alleges that a defective road condition existed at the intersection of North Boulevard and Fifth Street which caused her accident. The claimant also alleges that she was using her own vehicle while conducting business for the Bureau of Employment Programs. Therefore, the claimant contends that the respondents should reimburse her for the expenses she incurred as a result of the accident.
Following the decision in the case of Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), this Court has consistently followed the principle that the State is not a guarantor of the safety of motorists upon its roads, and it is the responsibility of every motorist operate his or her vehicle in a prudent and cautious manner under all circumstances.
In this claim, the Court finds that the claimant has not established, by a preponderance of the evidence, any liability on behalf of the respondents for the damage to her vehicle. The accident report noted that the claimant did not have the right-of-way as she proceeded through the *122 intersection, and the damage to both vehicles indicated that it was the claimant’s vehicle struck the other vehicle. Moreover, the claimant did not present any evidence to establish what the precise line of sight distance was from the intersection to the bridge, and she offered no expert testimony to support her allegation that a defective road condition existed at the intersection of North Boulevard and Fifth Street. In comparison, the testimony of Mr. Savilla and Mr. Warhoftig revealed: (1) the line of sight distance was adequate for the nature of the intersection; (2) the intersection was properly designed for the volume of traffic which traveled on North Boulevard and Fifth Street; and (3) the intersection did not present an unusual risk to motorists.
Therefore, based on the reasons stated above, this claim is denied.
Claim disallowed.